ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHESTER M. KUSMICH, | ) | |
| | ) | CASE NO. 5:05CV1586 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| J. C. PENNEY CORPORATION, INC., | ) | MEMORANDUM OPINION & ORDER |
| | ) | [Resolving Doc. 5] |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Plaintiff Chester M. Kusmich's Motion to Remand. In his motion, Plaintiff argues that removal was not proper because the Court lacks diversity jurisdiction over his claim. According to Plaintiff, Defendant J. C. Penny Corporation has failed to allege facts in its Notice of Removal showing that the damages he seeks involve a sufficient amount in controversy to exceed the federal threshold of $75,000. For the reasons that follow, this Court hereby DENIES Plaintiff's motion and retains jurisdiction over this action.

I. Facts & Procedure

On May 15, 2005, Plaintiff filed his Complaint in the Tuscarawas County Court of Common Pleas. Plaintiff alleged a claim for negligence after he slipped and fell at a J. C. Penney store located in New Philadelphia, Ohio.

On June 9, 2005, Defendant removed the case, invoking the Court's subject matter jurisdiction. Specifically, Defendant claimed that the Court has diversity jurisdiction because the parties are both

citizens of different states and the amount in controversy exceeds $75,000.

Shortly thereafter, Plaintiff filed his Motion to Remand this action to the state court from which it originated. According to Plaintiff, the Court does not have jurisdiction because Defendant failed to allege facts showing that Plaintiff's damages exceed $75,000. Defendant timely opposed Plaintiff's motion and reiterated its position that the Court does indeed have subject matter jurisdiction over Plaintiff's claim.

## II. Law & Analysis

The district courts have original jurisdiction in civil actions where there is diversity of citizenship and the matter in controversy is in excess of $75,000. 28 U.S.C. § 1332(a). If an action is filed in state court a defendant can remove the action to the district court, based on the court's original jurisdiction, *if* there is complete diversity and the controversy is in excess of $75,000. 28 U.S.C. § 1441(a). "A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements." *Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir. 1993). If state law enables a plaintiff to claim less than the federal amount-in-controversy, while actually seeking and perhaps obtaining damages in excess of $75,000, the Sixth Circuit allows removal if there is a substantial likelihood or reasonable probability that the plaintiff intends to seek damages in excess of the amount-in-controversy. *Id.* at 158.

The burden of proof, however, is on the defendant and the defendant must prove by a preponderance of the evidence that plaintiff's claims meet the amount-in-controversy requirement. *Id.* This "more likely than not" standard balances"the competing interests of protecting a defendant's right to remove *and* limiting diversity jurisdiction." *Id.* (emphasis added). Although the defendant has the

2

burden of proof, he need not prove that the plaintiff's claim exceeds the amount-in-controversy to a legal certainty. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 571 (6th Cir. 2001) (citation omitted). To hold otherwise could require the defendant to research, state, and prove the plaintiff's damages. *Id.*

Here, Plaintiff's Complaint specifically prays for compensatory damages in an amount <u>in excess</u> of $25,000 dollars. While the amount-in-controversy is not evident from the face of the Complaint, it is clear that Plaintiff is seeking damages for what appear to be serious injuries to his elbow, arm, and shoulder. Specifically, he alleges that he had to undergo surgery as a result of Defendant's negligence. He also alleges that he suffered an infection and that he was left with permanent injuries, including left upper extremity numbness, left shoulder pain as a result of a rotator cuff tear, left bicipital tendinitis, left impingement syndrome, and aggravation of a preexisting arthritic condition. Plaintiff alleges he suffered "shock" to his entire physical and nervous system. He also alleges that his injuries are not only permanent in nature, but that he will "in all likelihood" be forced to incur additional medical expenses in the future. Furthermore, Plaintiff alleges that "ability to live and work free from pain, discomfort, disability, and restriction has been permanently impaired." (Compl. ¶ 11). He was also unable to engage in his usual occupation for a period of time and he sustained a loss of income.

Because of the seriousness of Plaintiff's allegations, he would likely receive more than the federal amount-in-controversy if successful on his claim. His compensatory damages alone could exceed $75,000 if a jury were to consider his permanent pain and disability, lost wages, and shock to his system. Therefore, the facts as alleged lead this Court to believe that it is more likely than not that Plaintiff's claims met or exceeded the federal amount-in-controversy at the time of removal. *See*

*generally Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991) (noting that jurisdiction is determined by looking at the Complaint at the time the petition for removal was filed).

## II. Conclusion

Removal in this case was proper and this Court has diversity jurisdiction over Plaintiff's claim. Plaintiff's Motion to Remand, therefore, is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
|  August 29, 2005 |  */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |